UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

UNITED STATES OF AMERICA,

    *Plaintiff,*                               25 CR 501 (EP)

    v.

CHRISTOPHER CASTELLUZZO,

    *Defendant.*

---

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHRISTOPHER CASTELLUZZO'S MOTION TO DISMISS THE INDICTMENT CHALLENGING THE LEGALITY OF THE APPOINTMENTS OF ALINA HABBA AND PHILLIP LAMPARELLO

Peter Katz, Esq.
Law Offices of Peter Katz, LLC
116 Village Blvd., 2nd Floor
Princeton, NJ 08540
peter@pkatzlegal.com

Leslie M. Sammis
Sammis Law Firm
1005 N. Marion Street
Tampa, FL 33602
lsammis@sammislawfirm.com

*Attorneys for Defendant Christopher Castelluzzo*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL BACKGROUND ........................................................................................................2

ARGUMENT .................................................................................................................................. 5

   I. Alina Habba Was Illegally Assuming the Role of United States Attorney ............................ 5

   II. The Indictment Must Be Dismissed ...................................................................................... 7

   III. Recusal Is Required ............................................................................................................. 8

CONCLUSION ............................................................................................................................. 12

## **TABLE OF AUTHORITIES**

### **CASES**

United States v. Castelluzzo,
  No. 25-cr-501 (D.N.J. May 7, 2025) ........................................................................ 2

United States v. Giraud,
  Nos. 25-2635 & 25-2636, 2025 U.S. App. LEXIS 31083
  (3d Cir. Dec. 1, 2025) ............................................................................................. 6

United States v. Giraud,
  No. 1:24-cr-00768 (D.N.J. Aug. 21, 2025) ........................................................... 5,6

United States v. Huston,
  28 F.2d 451 (N.D. Ohio 1928) ................................................................................ 8

United States v. Pina,
  No. 2:25-cr-00436 (D.N.J. Aug. 21, 2025) ............................................................. 5

United States v. Rosenthal,
  121 F. 862 (C.C.S.D.N.Y. 1903) ............................................................................ 8

United States v. Williams,
  65 F.R.D. 422 (W.D. Mo. 1974) .......................................................................... 7,8

### **STATUTES**

18 U.S.C. § 1956(a)(1)(B)(i) ........................................................................................ 3

18 U.S.C. § 1956(h) ..................................................................................................... 3

18 U.S.C. § 1957 .......................................................................................................... 3

28 U.S.C. § 509 ............................................................................................................ 3

28 U.S.C. § 510 ............................................................................................................ 3

28 U.S.C. § 515 ............................................................................................................ 3

28 U.S.C. § 546(a) ....................................................................................................... 2

28 U.S.C. § 546(d) ....................................................................................................... 2

5 U.S.C. § 3348(d) .................................................................................................. 7

## OTHER AUTHORITIES

Federal Vacancies Reform Act,
    5 U.S.C. §§ 3345–3349d ................................................................................... 2

**PRELIMINARY STATEMENT**

Christopher Castelluzzo, by and through counsel, moves to dismiss the indictment in the above-captioned matter based on the unlawful appointment and occupancy of the office of the United States Attorney for the District of New Jersey by Alina Habba and the subsequent unprecedented unlawful "division of labor" of that position into three separate parts. Mr. Castelluzzo is entitled to relief because Ms. Habba, and now Phillip Lamparello – and by extension any Assistant United States Attorney under their supervision and authority – were not and are not duly authorized to present, seek, or obtain an indictment against Mr. Castelluzzo. Thereafter, Habba, Lamparello and the assigned Assistant United States Attorneys continued to act without legal authority for the Office to prosecute the case. Statutory provisions barred Ms. Habba from serving as Acting U.S. Attorney (or supervising any AUSAs). Similarly, the Constitution and statutory provisions bar Mr. Lamparello from supervising any AUSAs. As such, the indictment must be dismissed and any assigned AUSAs under Mr. Lamparello's supervision authority and must be disqualified.

## FACTUAL BACKGROUND

On January 8, 2025, U.S. Attorney Philip Sellinger resigned. Pursuant to the Federal Vacancies Reform Act ("FVRA"), First Assistant Vikas Khanna became Acting United States Attorney.

On March 3, 2025, John Giordano was appointed Interim United States Attorney pursuant to 28 U.S.C. § 546(a)'s vacancy provisions.

On March 24, 2025, President Trump posted to his social media website, Truth Social, that "Alina Habba... will be our interim U.S. Attorney for the District of New Jersey...effective immediately."

On March 28, 2025, Ms. Habba was formally sworn into the Interim United States Attorney position by Attorney General Pam Bondi purportedly pursuant to Section 546(a) on March 28, 2025.

On June 27, 2025, the government filed a criminal complaint against Mr. Castelluzzo. Compl., *United States v. Castelluzzo*, No. 25-cr-501, (D.N.J. June 27, 2025).

On June 30, 2025, with about one month remaining in her interim appointment, President Trump formally nominated Ms. Habba to be the United States Attorney.

On July 22, 2025 – 120 days from March 24, 2025 the Judges of the United States District Court for the District of New Jersey invoked their statutory power to appoint a United States Attorney upon the expiration of an Interim United States Attorney's 120-day term pursuant to section 546(d). The Court appointed Desiree Grace (Ms. Habba's First Assistant) as the United States Attorney. Ms. Bondi almost immediately fired Ms. Grace.

On July 24, 2025, the Administration made five moves. First, Ms. Habba's nomination to be the United States Attorney was withdrawn. Second, Ms. Habba resigned from her

2

position as Interim United States Attorney. Third, Ms. Bondi appointed Ms. Habba as a "Special Attorney to the Attorney General" pursuant to 28 U.S.C. §§ 509, 510, and 515 and "authorized [her] to conduct in the District of New Jersey, any kind of legal proceedings, civil or criminal, including Grand Jury proceedings and proceedings before United States Magistrates, which United States Attorneys are authorized to conduct." Fourth, Ms. Bondi appointed Ms. Habba to the (vacant due to Ms. Grace's termination) position of First Assistant United States Attorney. And fifth, according to the government, Ms. Habba was automatically elevated to the position of Acting United States Attorney pursuant to the FVRA by virtue of her new role as First Assistant United States Attorney and the vacancy in the United States Attorney position that followed from her resignation – presumably moments earlier – from the Interim United States Attorney position. Ms. Habba confirmed her view of the events that evening, posting "I am now the Acting United States Attorney for the District of New Jersey."

On August 7, 2025, a grand jury returned an indictment charging Defendant with a conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (money laundering conspiracy) that ended in 2022, alleging two theories:

    a.    concealment money laundering under 18 U.S.C. § 1956(a)(1)(B)(i); and
    b.    transactional money laundering under 18 U.S.C. § 1957.

On December 8, 2025, Alina Habba resigned as First Assistant United States Attorney for the District of New Jersey. That same day, Attorney General Bondi announced that "Phillip Lamparello will serve [effective immediately] as Senior Counsel and is authorized to supervise or conduct the work of the district's Criminal Division and Special Prosecutions Division,

including such work in the district's branch offices,"[1] while appointing two other individuals (one "Special Attorney" and one "Executive Assistant U.S. Attorney") to oversee the Civil, Appellate, and Administrative Divisions of the Office.  Mr. Lamparello joined the U.S. Attorney's Office in September 2025, with no known prior prosecutorial experience.[2]  The Office continues to operate with no Interim U.S. Attorney, Acting U.S. Attorney, Senate-confirmed U.S. Attorney, or First Assistant U.S. Attorney.

---

[1] Attorney General Pam Bondi, X Post, December 8, 2025, 1:49 P.M., available at https://x.com/AGPamBondi/status/1998102734680318084/photo/1

[2] Phillip Lamparello (Personal Account), LinkedIn, Last visited, January 3, 2025.

4

**ARGUMENT**

I. **Alina Habba was Illegally Assuming the Role of United States Attorney**

As detailed above, through a convoluted series of events, Alina Habba, from July 24, 2025 through December 8, 2025, claimed that she was the effective head of the United States Attorney's Office for the District of New Jersey. Under law, she was not.

This claim was based on her simultaneous appointments as First Assistant U.S. Attorney (with no Senate confirmed or Acting U.S. Attorney) and Special Attorney to the Attorney General (the Attorney General authorized [her] to conduct in the District of New Jersey, any kind of legal proceedings, civil or criminal, including Grand Jury proceedings and proceedings before United States Magistrates, which United States Attorneys are authorized to conduct).

On August 21, 2025, in *United States v. Giraud* and *United States v. Pina* (cases joined for purposes of resolving this issue) Judge Brann (Chief United States District Judge for the Middle District of Pennsylvania sitting by designation) addressed the legality of Ms. Habba exercising the power of United States Attorney for the District of New Jersey. *United States v. Giraud*, No. 1:24-cr-00768 (D.N.J. Aug. 21, 2025); *United States v. Pina*, No. 2:25-cr-00436 (D.N.J. Aug. 21, 2025). In a thorough and detailed opinion, Judge Brann noted that: "Ms. Habba has exercised the functions and duties of the office of the United States Attorney for the District of New Jersey without lawful authority since July 1, 2025. Her actions since that point may be declared void, including her approval of the indictment of Defendant [] Pina...And because she is not currently qualified to exercise the functions and duties of the office in an acting capacity, she must be disqualified from participating in any ongoing cases." *See. Giraud*, No. 1:24-cr-00768, at 2.

5

Judge Brann concluded and ruled that "I disqualify Ms. Habba from engaging in the prosecutions the Girauds and Mr. Pina, and from supervising the same. Any Assistant United States Attorney who prosecutes the Girauds or Mr. Pina under the supervision or authority of Ms. Habba in violation of my Order is similarly subject to disqualification." *Id*. at 77.

Mr. Pina also moved to dismiss the Indictment against him, as it was obtained after Ms. Habba unlawfully exercised the duties of the office of U.S. Attorney based on the theory that Ms. Habba's signature on the Indictment voided the Indictment. Judge Brann rejected that argument, concluding that dismissal was not necessary because the prosecutor's signature-defect issue was "nonjurisdictional" and "harmless error." *Id.* at 74.

However, Judge Brann made that ruling only after an *in camera* review of internal documents relating to the grand jury proceeding, along with grand jury materials and determining that there was "no indication that Ms. Habba had any role in any...[case] decisions, or in the grand jury proceeding other than to ultimately sign the indictment. Accordingly, her invalid signature is a mere technical defect that amounts to harmless error that I should 'disregard.'" *Id*. at 75.

On December 1, 2025, the Third Circuit, using similar reasoning as Judge Brann unanimously "affirm[ed] the District Court's disqualification order." *United States v. Giraud,* Nos. 25-2635 & 25-2636, 2025 U.S. App. LEXIS 31083, at *38 (3d Cir. Dec. 1, 2025). In the instant case, the government presented the case against Mr. Castelluzzo to the grand jury on August 7, 2025, well after Ms. Habba's authority expired. As such, Mr. Castelluzzo is in the same procedural posture as Pina.

Your Honor must also now conduct an *in camera* review of the U.S. Attorney's internal documents and grand jury records not only to determine if Ms. Habba was involved, but also

6

if any New Jersey AUSA was involved during those stages.[3] If they were – for example, if the assigned AUSAs actually presented evidence to the Grand Jury or if Ms. Habba was actively involved in the decision-making process – they would have done so without legal authority and the violation would not merely be a harmless, non-jurisdictional, signature-related clerical error.

## II.   The Indictment Must Be Dismissed

Section 3348(d) of the FVRA provides that:

**(1)**   An action taken by any person who is not acting under section 3345, 3346, or 3347, or as provided by subsection (b), in the performance of any function or duty of a vacant office to which this section and sections 3346, 3347, 3349, 3349a, 3349b, and 3349c apply *shall have no force or effect.*

**(2)**   An action that has no force or effect under paragraph (1) may not be ratified.

5 U.S.C. § 3348(d) (emphasis added).

At the time of the indictment, Ms. Habba's interim appointment had expired, and she held none of the other statutorily-enumerated positions. And based on Judge Brann's Opinion, any AUSA under her supervision who presented the case to the grand jury also possessed none of the qualifications necessary to present the case to the grand jury.

This fatal defect in this indictment cannot be cured to prevent prejudice to Mr. Castelluzzo. Additionally, the unknown role of Ms. Habba (or her then-subordinates) in the preparation and presentation of evidence to the grand jury further necessitates dismissal or, at a minimum, *in camera* review.

---

[3] As noted above, the assigned AUSAs appear to have been the only AUSAs involved with this investigation since Ms. Habba's illegal assumption of control. Trial Attorney Adrienne Rosen of MLARS entered her Notice of Appearance on August 7, 2025, the date of the Indictment. It is unclear from the record what involvement she had in the investigation or presentation to the Grand Jury.

7

Where a federal prosecutor lacks the proper authority to act, including to obtain a grand jury indictment, it is routine for courts to dismiss the indictment. *See, e.g.*, *United States v. Williams*, 65 F.R.D. 422, 448 (W.D. Mo. 1974) (dismissing indictment with prejudice where the government failed to comply with orders demonstrating that two DOJ Special Attorneys had the authority to act in the district); *United States v. Huston*, 28 F.2d 451, 456 (N.D. Oh. 1928) (setting aside indictment because a Special Assistant to the Attorney General who had been authorized to prosecute in certain federal district courts was not authorized to go before the grand jury and obtain an indictment in that district); *United States v. Rosenthal*, 121 F. 862, 873 (C.C.S.D.N.Y. 1903) (dismissing indictment because a special assistant to the Attorney General was appointed only to investigate the case but exceeded his authority and became an "unauthorized prosecutor" by seeking a grand jury indictment). As the Circuit Court aptly stated in *Rosenthal*, "[t]here is vice in the vicissitude itself whereby the unauthorized prosecutor virtually supersedes the authorized prosecutor." *Id.* at 873. Here, by continuing to occupy the office of U.S. Attorney, Ms. Habba unlawfully usurped the power of the authorized prosecutor in New Jersey. And by extension, any indictment obtained by AUSAs under her authority and supervision was obtained in contravention to law.

## III.   Recusal is Required

The U.S. Court of Appeals for this Circuit has now affirmed this Court's order disqualifying Alina Habba and those acting pursuant to her authority or under her supervision.[4] This resulted in her subsequent resignation. Rather than taking the opportunity of Ms. Habba's resignation to seat a duly Senate-confirmed nominee into the position, the government

---

[4] *United States v. Giraud*, 2025 U.S. App. LEXIS 31083, (3d Cir. Dec. 1, 2025).

8

cynically designated an "Executive Office"[5] of three unconfirmed attorneys to head it in an unprecedented move the government itself described as a "*reductio ab absurdum*" just over three months ago.[6] In its own words, "it is not evident why that distinction [between a single person and three] would be material under [this Court's] reasoning."[7] The government is right. This "Executive Office" is just as illegitimate as was Alina Habba's appointment and so both the "Executive Office" and its members should be disqualified for the same reasons.

***Thus, this latest maneuver does not change or moot anything.*** In the words of Judge Charles Breyer of the Northern District of California recently addressing other illegal conduct of the government, "[t]he Founders designed our government to be a system of checks and balances. [The government], however, make[s] clear that the only check [it] want[s] is a blank one."[8] The Appointments Clause and "[t]he vesting and delegation statutes in 28 U.S.C. §§ 509 and 510,"[9] make clear that the Attorney General does not have a blank check to simply designate just anyone or any group of individuals she wishes to function as the *de facto* United States Attorney for this District. The undersigned could not find a single instance of such an "Executive Office" **ever** being designated to lead a district office as the *de facto* U.S. Attorney.

---

[5] *See* U.S. Dept' of Justice, U.S. Attorney's Ofc. Dist. of New Jersey, "About the Office" (updated Dec. 17, 2025), available at https://www.justice.gov/usao-nj/about.

[6] Appellant's Brief, *United States v. Giraud*, No. 25-2635, at 53 (3d Cir. Sept. 12, 2025), ECF Doc. 25 (emphasis in original).

[7] Appellant's Brief, *United States v. Giraud*, No. 25-2635, at 53 (3d Cir. Sept. 12, 2025), ECF Doc. 25.

[8] "Order Granting Renewed Motion for Preliminary Injunction," *Newsome v. Trump*, No. 3:25-cv-04870 (N.D. Cal. Dec. 10, 2025), ECF No. 225 at 1 (Breyer, J.).

[9] *Giraud*, 2025 U.S. App. LEXIS 31083, at *29.

It is therefore quite notable that in related on-going litigation the government does not even attempt to explain its about-face let alone acknowledge its prior explicit opposition to the very position it now advances. See *United States v. Raheel Naviwala*, No. 24-CR-99, Dkt. No. 281 (D.N.J.) (currently pending for these purposes before Judge Brann).[10] It is simply more shameless gamesmanship that this Court should no longer countenance through judicial estoppel. Removing all doubt that the government has absolutely no intention to seat a Senate-confirmed nominee as U.S. Attorney for the District of New Jersey are the words of President Trump himself: "I guess I just have to keep appointing people for three months and then just appoint another one, another one. It's a very sad situation. We're losing tremendous, we're losing a lot of great people."[11]

This Court must continue to hold the government accountable for its refusal to follow the Constitution and laws of the United States. The government simply refuses to take "no" for an answer. Prejudice continues to accrue with each passing day the Executive branch chooses to run roughshod over the other two co-equal branches of government.

As the government purposefully, wrongfully, and now desperately continues in its cynical effort to evade the Appointments Clause notwithstanding more than sufficient opportunity to comply with its requirements, this Court should grant the instant motion,

---

[10] We fully adopt and incorporate all arguments made by the defendant in his various motions for similar relief in that case. See *Naviwala*, Dkt. No. 281. Likewise, based upon the practice of various District Court Judges in the District, we anticipate that Your Honor will refer this issue to Judge Brann for resolution.

[11] Khaleda Rahman, "Donald Trump Caught on Hot Mic Tearing Into Republicans," Newsweek, Dec. 9, 2025, available at https://www.newsweek. com/donald-trump-caught-on-hot-mic-tearing-into-republicans-11178147.

disqualify the government's counsel, dismiss the indictment, and enjoin any government attorney subject to disqualification from filing anything further in this matter.

Indeed, in affirming Habba's disqualification, the Third Circuit stressed that "the citizens of New Jersey … deserve some clarity and stability" in the appointment of the United States Attorney. *Giraud*, 2025 U.S. App. LEXIS 31083, at *3. The government's latest maneuver appointing a triad of attorneys-in-charge provides neither. There is no U.S. Attorney, no Acting U.S. Attorney, and no First Assistant.

As clarified by the Third Circuit in *Giraud*, Congress has long required that such vacancies be filled through Senate confirmation to preserve democratic accountability, and that interim or acting officials be designated pursuant to statutory mechanisms Congress has provided.

Rather than use these constitutional and statutory options, the government has simply replaced *one* unconfirmed individual with *three*. The current delegation and division of authority among three attorneys (one of whom is not even an Assistant U.S. Attorney in the District of New Jersey) is yet another effort to circumvent the congressionally enacted statutes governing how a U.S. Attorney vacancy must be filled.

All defendants, including Mr. Castelluzzo, are entitled to a constitutionally and statutorily compliant U.S. Attorney's Office. Defendants accused of violating the law are entitled to be prosecuted *only* by an individual appointed pursuant to constitutional and statutory processes.

As Attorney General Robert H. Jackson warned, the "most dangerous power of the prosecutor" arises when structural safeguards are weakened and prosecution becomes "personal." *See* Robert H. Jackson, *The Federal Prosecutor*, 31 J. Crim. L. & Criminology 3,

11

5 (1940). It is precisely to avoid such risks that Congress designed, and courts enforce, the appointment framework at issue here.

As such, Judge Brann's rationale for recusing and disqualifying both Ms. Habba and "any Assistant United States Attorney who prosecutes [the defendant] under the supervision or authority of Ms. Habba" applies to Mr. Lamparello and anyone he supervises and is under his authority. *Giraud*, No. 1:24-cr-00768, at 77.

## CONCLUSION

For the foregoing reasons, Mr. Castelluzzo respectfully requests that this Court dismiss the indictment against him, conduct an *in-camera* review, and in the alternative, recuse Mr. Lamparello and anyone he supervises or who is under his authority.

Respectfully Submitted,

/s/ *Peter Katz*
Law Offices of Peter Katz, LLC
Peter Katz, Esq.
116 Village Blvd., 2nd Floor
Princeton, NJ 08540
peter@pkatzlegal.com

/s/ *Leslie M. Sammis*
Leslie M. Sammis
Sammis Law Firm
1005 N. Marion Street
Tampa, FL 33602
lsammis@sammislawfirm.com

*Attorneys for Defendant Christopher Castelluzzo*