

**U.S. Department of Justice**

United States Attorney
District of New Jersey

June 24, 2026

Honorable Evelyn Padin
United States District Judge
Martin Luther King, Jr. Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: *United States v. Christopher Castelluzzo*, Crim. No. 25-501

Dear Judge Padin:

The Parties submit this joint status letter in response to the Court's June 9, 2026 Text Order. *See* ECF No. 47.

## The Government's Position

It is the position of the United States that the Court must first address the government's Motion for Judicial Inquiry (ECF No. 21) because that raises the possibility of a conflict in Defendant's representation that might moot the other outstanding motions.  Further, the United States believes that Defendant's Motion to Dismiss the Indictment Challenging the Legality of the Appointments of Alina Habba and Phillip Lamparello (the "Authority Motion") (ECF No. 24) should be dismissed as moot in light of, *inter alia*, the appointment of Robert Frazer as the United States Attorney and the grand jury returning a superseding indictment. Finally, the United States believes that Defendant should withdraw or the Court deem moot argument III.E of Defendant's Pretrial Motions to Dismiss.[1]   ECF No. 27-1 at 35-37.

As a preliminary matter, the government asks the Court to consider the outstanding Motion for Judicial Inquiry filed on December 2, 2025.  ECF No. 21.  In response, counsel for the Defendant indicated that they do not object to the judicial inquiry, but "in order to protect privileged attorney client communication, defense

---

[1]     Specifically, Defendant's argument that "The Government's False Statements Concerning the Second Extension Constitute Prosecutorial Misconduct that Warrants Dismissal Under the Fifth Amendment."

strategy, and attorney work product, we respectfully request that such hearing be held *ex parte* and *in camera*."[2]  ECF No. 29 at 2.  This matter was transferred to Judge Brann and stayed in January 2026 (ECF Nos. 33, 34), before this Court could conduct its inquiry.

Now that a grand jury has returned a superseding indictment against the defendant (ECF No. 38), and Judge Brann entered an order lifting the stay and transferring the case back to this Court (ECF No. 40), the government respectfully asks the Court to address this motion and conduct a judicial inquiry at this time.  As stated in the motion:

> The existence of a contingency fee arrangement between attorneys Katz and Sammis and Castelluzzo in the related civil asset forfeiture matter would create an improper personal financial interest for those attorneys.  That financial interest may create a conflict in their representation of Castelluzzo in this criminal matter, in violation of Castelluzzo's Sixth Amendment rights and New Jersey Rules of Professional Conduct, 1.5(d)(2) and 1.7 (a)(2).

(ECF No. 21 at 7).  Addressing this motion first will allow the Court to evaluate the potential for Constitutional and ethical violations before wading any further into the heart of the litigation.

Second, Defendant's Authority Motion (ECF No. 24) should be withdrawn or deemed moot because of the appointment as Robert Frazer as the United States Attorney and the grand jury subsequently returning a superseding indictment.[3]  While Defendant concedes that the recusal of the Assistant United States Attorneys assigned to the matter (*id.* at 8-12) is moot, he nevertheless persists in arguing that "the indictment must be dismissed (*id.* at 7-8)." While this argument would be baseless if launched only against the United States Attorney's Office in light of the superseding indictment, it ignores that both indictments in this matter were brought by both the District of New Jersey U.S.A.O. and the Money Laundering, Narcotics and Forfeiture Section of the Criminal Division of the United States Department of

---

[2]    While the government recognizes there may be some materials covered by attorney-client privilege that counsel may need to provide to the Court for *in camera* review, we do not believe that a "judicial inquiry" should be held *ex parte*.

[3]    In fact, all of Defendant's motions were filed before Robert Frazer's appointment and the Superseding Indictment was returned, and do not address any circumstances that have changed since then.

Justice ("MNF"). [4] The MNF Trial Attorneys assigned to this case derive their authority to conduct criminal prosecutions through delegations of authority originating from the Attorney General of the United States. *See* 28 U.S.C. § 503. Defendant has not even alleged that the Attorney General was not lawfully appointed at any time in the prosecution of this matter or that the MNF Trial Attorneys prosecuting the matter were not doing so through proper delegation. Accordingly, Defendant's Authority Motion should be deemed moot.

Third, Defendant's argument III.E in his Motions to Dismiss alleges that the indictment should be dismissed because the government missed a deadline in the civil litigation and thereafter fabricated an *ex parte* extension to cover-up that mistake. ECF No. 27-1 at 35-37. However, Defendant's counsel was made aware that the allegations of prosecutorial misconduct premised upon purported "false statements [. . .] mislead[ing] the courts in two jurisdictions" (ECF No. 27-1 at 35) are irrefutably baseless. On January 7, 2026—two days after the motion was filed—then-AUSA Robert Frazer emailed a copy of the second signed extension to counsel, which had been signed on July 14, 2023 (exactly as the Government had averred).[5] Counsel for Defendant has therefore been aware for more than six months that their characterization of the Government's activity as "prosecutorial misconduct" and "false statements" is meritless. Accordingly, the government raises the mootness of this argument in order prevent needless briefing and Judicial resources.

Defendant's attempt below to defend this argument defies logic. Defendant argues that the government engaged in misconduct by representing to two courts that the extension had been "filed" and "granted" without acknowledging that the extension was signed by United States District Court Judge Michael John Vazquez. The documents defense counsel received or did not receive were the result of their interactions with Clerk of the Court, not government attorneys. As such, for Defendant to argue that the fact that a document was missing from a Judge's files is misconduct because despite being provided by a signed order from the U.S. District Judge, the government was responsible for knowing of the clerk's error simply defies logic.    This    argument    should    be    mooted    by    the    Court.

The government consents to Ms. Sammis's telephonic appearance.

---

[4]    MNF was formerly known as the Money Laundering and Asset Recovery Section of the Criminal Division of the U.S. Department of Justice.

[5]    Counsel for the Government was surprised to discover that the Clerk's Office had not made this a part of the Court's record, and is still investigating why this occurred.

Finally, as a result of Defendant's reserving the right to file additional motions, the existence of now mooted motions which he refuses to withdraw or revise, and the potential for the motion for Judicial Inquiry to moot Defendant's remaining motions, the United States believes that no briefing schedule on his motions can be set at this time. The Parties originally contemplated permitting 45 days for the government to respond to Defense's motions, so the government's responses should be due 45 days after the resolution of these issues. However, the government's motion for Judicial Inquiry is ripe for the Court's determination. Such a determination would not only address a critical matter for the Court's consideration but potentially would prevent a needless waste of attorney and judicial resources.

## The Defense's Position

### The Impact of the Superseding Indictment and Structural Defects

The Defense does not agree that the filing of the superseding indictment renders Defendant's Motion to Dismiss the Indictment Challenging the Legality of the Appointments of Alina Habba and Phillip Lamparello [Dkt. No. 24] moot in its entirety. While the Defense concedes that its request to recuse Senior Counsel Phillip Lamparello and any Assistant U.S. Attorneys acting under his temporary authority is now technically mooted by subsequent personnel changes, the foundational, non-waivable structural defects remain.

Specifically, the indictment must be dismissed because there was no duly appointed United States Attorney at the time of its return, and, as Judge Brann suggested in a similar case, the Court should conduct an *in camera* review of the grand jury presentment and involvement of Alina Habba in the pre-indictment phase of the case to assess whether the indictment must be dismissed. These issues are still ripe and relevant because the structural defects – and potential dismissal of the original indictment – impact the application of the relevant statute of limitations in this conspiracy-based case that allegedly spanned 12 years.

The government's reliance on the separate delegation of authority to the Money Laundering, Narcotics, and Forfeiture Section (MNF) from the Attorney General is misplaced. MNF Trial Attorneys did not act in isolation; they actively utilized the localized authority, signatures, and administrative machinery of an improperly constituted office in the District of New Jersey to secure this indictment. Because local jurisdictional defects taint the initiation of the prosecution itself, the Authority Motion remains ripe for judicial determination.

The defense does not seek to withdraw or otherwise modify any pending motion. Rather, it believes all other pending defense motions filed on January 5, 2026

4

are ripe to be fully briefed.  Based on information currently possessed, the defense does not anticipate filing any additional pre-trial motions.

### The Government's Motion for Judicial Inquiry

The Defense maintains that there is no actual conflict of interest and no rule precluding defense counsel from simultaneously representing Mr. Castelluzzo in both the civil and criminal matters. Although the government would like to strip Mr. Castelluzzo of his attorneys, it was the government's decision to file the civil asset forfeiture case on November 2, 2023, and wait 20 months, until August 7, 2025, to file the indictment regarding the same allegations.

We understand that the government is requesting that Your Honor address the outstanding potential conflict motion as soon as practicable.  The defense agrees and proposes that the Court conduct any colloquy it deems fit at the Arraignment on the Superseding Indictment on August 4, 2026 (assuming Mr. Castelluzzo arrives in the District sufficiently prior to that date to give counsel an opportunity to meet with him in person prior to that date).  If he arrives too late for an in-person meeting, we respectfully request that the court conduct the colloquy later that same week.  As previously noted, we respectfully request that any part of such inquiry that touches on attorney-client communication and/or defense strategy be conducted *ex parte* and *in camera.*  If the Court requires Ms. Sammis to be present for the colloquy, since she resides in Florida, she respectfully requests permission to appear remotely, to which the government has consented.

### Proposed Schedule

The Defense opposes the government's attempt to place an open-ended freeze on the briefing schedule for the remaining motions. These motions have been pending for over five months.  No additional defense motions are anticipated. Since the allegations in this case span more than a decade, further delay heavily prejudices the defense. The Defense respectfully requests that the Court set the following schedule: government to file its response briefs by August 7, 2026 (45 days); Defense replies due August 28, 2026; and oral argument in mid-to-late September 2026.

### The Civil Forfeiture Deadline and Allegations of Prosecutorial Misconduct

The Defense strongly objects to the government's characterization of Argument III.E in Defendant's Pretrial Motions to Dismiss [Dkt. No. 27]. In this status letter, the government makes two new factual allegations:

5

1. "On January 7, 2026—two days after the motion [ECF No. 27] was filed—then-AUSA Robert Frazer emailed a copy of the second signed extension to counsel, which had been signed on July 14, 2023 (exactly as the Government had averred)."

2. "Counsel for the Government was surprised to discover this was not made a part of the Court's record, and is still investigating why this occurred."

The fact that the prosecution produced the document two days after the defense filed its pretrial motions, January 7, 2026 – after approximately 6 written and oral requests by the defense for production of that exact document – does not moot the defense motion or change the underlying CAFRA violation, as the signed extension was never docketed.

As alleged in Argument III.E of Defendant's Pretrial Motions to Dismiss [Dkt. No. 27], the unsealed record shows the government missed its mandatory statutory deadline under CAFRA because the second extension order was never filed or docketed, rendering the purported copy of the unfiled extension order legally irrelevant.

Assistant U.S. Attorneys in two separate jurisdictions repeatedly made representations in *ex parte*, sealed status reports and motions—explicitly claiming the second extension had been "filed" and "granted" even though it had never been docketed.

While the government claims in a footnote that it is "still investigating" what occurred, it has not shared any part of that investigation with the defense or why the government did not know that it has never been filed or docketed. Such information constitutes exculpatory evidence that should have already been disclosed to the defense, not mentioned in a footnote to this letter.

The Defense has no intention of withdrawing that motion. In fact, the Defense is requesting an evidentiary hearing to present evidence regarding the second extension and why and what the government is "still investigating."

The government asserts that it was "surprised" to discover the order was missing from the record and implies that providing a copy via email two days after the defense's motion cures the defect. Such a claim is baseless – and in no way moots the motion.

The Parties thank the Court for its consideration.

6

Respectfully submitted,

ROBERT FRAZER
UNITED STATES ATTORNEY

Law Offices of Peter Katz, LLC

By:    *s/ Jordan M. Anger*
     Jordan M. Anger
     Assistant United States Attorney

By:    *s/ Peter Katz*
116 Village Blvd., 2nd Floor
Princeton, NJ 08540
(609) 734-4380 (office)
(609) 477-4077 (cell)
peter@pkatzlegal.com

MARGARET A. MOESER
CHIEF, MONEY LAUNDERING, NARCOTICS
AND FORFEITURE SECTION
U.S. DEPARTMENT OF JUSTICE

Sammis Law Firm

By:    *s/ Leslie M. Sammis*
Leslie M. Sammis
Attorney at Law
1005 N. Marion Street
Tampa, FL 33602
Office: (813) 250-0500
Cell: (813) 600-0239

By:    *s/ Adrienne E. Rosen*
     Adrienne E. Rosen
     Madison M. Albrecht
     Trial Attorneys

cc: All Counsel of Record (via ECF)

7